**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| Don L. McKinney, | Case No. 2:22-cv-1644-APG-BNW |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Argenis Valentin-Reyes, et al., | |
| Defendants. | |

This Court previously screened Plaintiff's complaint. ECF No. 4. The Court explained that Plaintiff needed to establish complete diversity between Defendants and him. *Id*. Specifically, the Court explained that his complaint did not indicate whether Nidia Bolanos was a citizen of Utah. *Id*. As a result, the Court advised Plaintiff he would need to file an amended complaint indicating whether Bolanos was a citizen of Utah. *Id.*

Plaintiff filed an amended complaint indicating that Bolanos is a citizen of Utah. ECF No. 5. As a result, it is now clear the Court has diversity jurisdiction in this action. Nevertheless, because the amended complaint does not include any facts as to the dispute between Plaintiff and Defendants, the Court will dismiss the amended complaint with leave to amend.

**I.     ANALYSIS**

   **A.     Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.*  Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.     Screening the complaint**

Here, Plaintiff does not include any facts. As a result, the Court finds Plaintiff has not stated a claim against any defendants mentioned in the complaint.  Without any factual allegations regarding the underlying dispute and the various entities' roles in the case, the Court cannot evaluate whether Plaintiff states a claim against Defendants. As a result, the Court will dismiss the complaint without prejudice and with leave for Plaintiff to file a second amended complaint.

If Plaintiff chooses to file a second amended complaint, the document must be titled "Second Amended Complaint."  The amended complaint must again recite the information needed to demonstrate the Court has diversity jurisdiction over this case (that is, explain Plaintiff is a citizen of Nevada and that each defendant is a citizen of Utah and the amount in controversy). Additionally, the amended complaint must contain a short and plain statement describing the underlying case and each defendant's involvement in the case.  *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still

must give each defendant fair notice of his claims against them and why Plaintiff believes he is entitled to relief.

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) and the Amended Complaint (ECF No. 5) no longer serve any function in this case. As such, the second amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's second amended complaint complete.

## II. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's complaint (ECF No. 5) is dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiff will have until December 14, 2022 to file a second amended complaint. Failure to comply with this order will result in a recommendation that this case be dismissed.

DATED: November 15, 2022

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE