# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Don L. McKinney Jr., | Case No. 2:22-cv-01644-APG-BNW |
| Plaintiff, | |
| v. | **Order** |
| Argenis Valentin-Reyes, et al., | |
| Defendants. | |

This Court previously screened Plaintiff's complaint twice. ECF Nos. 4 and 6. In the first screening order, the Court explained that Plaintiff needed to establish complete diversity between Defendants and him. ECF No. 4. Plaintiff filed a First Amended Complaint demonstrating that this Court has diversity jurisdiction over the parties. ECF No. 5. Nevertheless, because the First Amended Complaint did not include any facts related to the dispute between Plaintiff and Defendants, the Court dismissed the First Amended Complaint with leave to amend. ECF No. 6.

Plaintiff now files a Second Amended Complaint. ECF No. 7. The Second Amended Complaint does not include sufficient facts related to the dispute between Plaintiff and Defendants for the Court to determine whether Plaintiff is alleging claims of negligence, negligent entrustment, or both. Accordingly, the Court will dismiss the Second Amended Complaint with leave to amend.

**I.     Analysis**

**A.     Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watson v. Carter*, 668

F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B. Screening the Complaint

Here, Plaintiff alleges that Defendant Valentin-Reyes was driving a semi-truck on October 31, 2020 and struck Plaintiff. ECF No. 7. Plaintiff alleges that the semi-truck was owned and registered by Defendants Eagle Express and Nidia Bolanos. *Id*. Plaintiff alleges that Valentin-Reyes was driving the semi-truck with the consent of Eagle Express and Nidia Bolanos. *Id*. He claims that Eagle Express and Nidia Bolanos were "negligent for entrusting the vehicle to defendant." *Id*. The relief sought includes, but is not limited to, medical costs and loss of income.

#### i. Negligence

In Nevada, "[i]t is well established that to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez v. Wal–Mart Stores, Inc.*, 125 Nev. 818, 824 (2009).

To the extent that Plaintiff attempts to bring a claim for negligence, the Second Amended Complaint only includes the second and fourth elements—breach of duty and damages. Plaintiff

must also allege the existence of the duty for drivers to exercise reasonable care (the first element) and that the breach of that duty caused the accident (the third element). Plaintiff must also specify which defendant(s) is being sued for this claim.

### ii. Negligent Entrustment

"The key elements [of a negligent entrustment claim] are whether an entrustment actually occurred, and whether the entrustment was negligent." *Zugel v. Miller*, 100 Nev. 525, 527 (1984). Under Nevada law, the theory of negligent entrustment "appl[ies] where one who has the right to control the car permits another to use it in circumstances where he knows or should know that such use may create an unreasonable risk of harm to others." *Mills v. Continental Parking Corp.*, 86 Nev. 724, 726 (1970).

To the extent that Plaintiff attempts to bring a claim for negligent entrustment, the Second Amended Complaint only alleges that Valentin-Reyes was driving the semi-truck with the consent of Eagle Express and Nidia Bolanos. Thus, while the first element is met, Plaintiff must also allege facts that set forth why the entrustment was negligent—how/why is it that Eagle Express and Nidia Bolanos should have known entrusting the semi-truck to Valentin-Reyes would create an unreasonable risk of harm.

Based on these deficiencies, the Court will dismiss the complaint without prejudice and with leave for Plaintiff to file a Third Amended Complaint.

If Plaintiff chooses to file a Third Amended Complaint, the document must be titled "Third Amended Complaint." The Third Amended Complaint must again recite the information needed to demonstrate the Court has diversity jurisdiction over this case (that is, explain that Plaintiff is a citizen of Nevada and that each defendant is a citizen of Utah and the amount in controversy). Additionally, the Third Amended Complaint must contain a short and plain statement describing the underlying case and each defendant's involvement (as explained in the analysis above). *See* Fed. R. Civ. P. 8(a)(2).

Additionally, Plaintiff is advised that if he files his Third Amended Complaint, the previous complaint (ECF No. 1-1), the Amended Complaint (ECF No. 5), and the Second Amended Complaint (ECF No. 7) no longer serve any function in this case. As such, the Third

Amended Complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's Third Amended Complaint complete.

## II. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Second Amended Complaint (ECF No. 7) is dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiff will have until January 31, 2023 to file a Third Amended Complaint. Failure to comply with this order will result in a recommendation that this case be dismissed.

DATED: January 3, 2023

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE