**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Don L. McKinney Jr., | Case No. 2:22-cv-01644-APG-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Argenis Valentin-Reyes, *et al.*, | |
| Defendants. | |

Plaintiff Don McKinney is proceeding *pro se* and *in forma pauperis*. *See* ECF No. 4. This Court previously screened Plaintiff's complaint three times. ECF Nos. 4, 6, and 8. In the first screening order, the Court explained that Plaintiff needed to establish complete diversity between him and Defendants. ECF No. 4. Plaintiff filed a First Amended Complaint demonstrating that this Court has diversity jurisdiction over the parties. ECF No. 5. However, because the First Amended Complaint did not include any facts related to the dispute between Plaintiff and Defendants, the Court dismissed the First Amended Complaint with leave to amend. ECF No. 6. Plaintiff filed a Second Amended Complaint. ECF No. 7. This Court dismissed the Second Amended Complaint with leave to amend as the facts did not state a claim for relief. ECF No. 8.

Plaintiff now files a Third Amended Complaint, which the Court will screen. ECF No. 9.

**I.     Facts on Third Amended Complaint.**

On October 21, 2022, Plaintiff alleges that Defendant Argenis Valentin-Reyes was driving a semi-truck. He alleges that Valentin-Reyes had a duty to drive safely but did not—he failed to signal and made an improper turn. Plaintiff honked to get Valentin-Reyes' attention, but Plaintiff alleges that Valentin-Reyes is deaf and could not hear him honking. As a result, Valentin-Reyes hit Plaintiff, which resulted in bodily injuries and property damage.

Plaintiff also alleges that Valentin-Reyes is employed by Defendants Eagle Express and Nidia Bolanos and that the semi-truck is owned by and registered under these Defendants' names.

He alleges it was negligent for Defendants Eagle Express and Nidia Bolanos to entrust the semi-truck to a deaf driver (Valentin-Reyes).

## II. Analysis

### A. Screening Standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Fed. R. Civ. P. 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*. Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

//
//

### B. Analysis

#### 1. Negligence

In Nevada, "[i]t is well established that to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez v. Wal–Mart Stores, Inc.*, 125 Nev. 818, 824 (2009).

Here, Plaintiff alleges Valentin-Reyes had a duty to drive safely and that he breached that duty by failing to signal and making an improper turn. He alleges that Valentin-Reyes caused a car accident, as Valentin-Reyes hit the car Plaintiff was driving. As a result, he suffered injuries and property damage. Thus, Plaintiff has sufficiently stated a claim for relief.

#### 2. Negligent Entrustment

"The key elements [of a negligent entrustment claim] are whether an entrustment actually occurred, and whether the entrustment was negligent." *Zugel v. Miller*, 100 Nev. 525, 527 (1984). Under Nevada law, the theory of negligent entrustment "appl[ies] where one who has the right to control the car permits another to use it in circumstances where he knows or should know that such use may create an unreasonable risk of harm to others." *Mills v. Continental Parking Corp.*, 86 Nev. 724, 726 (1970).

Here, Plaintiff alleges that the truck Valentin-Reyes was driving is owned by and registered to Defendants Eagle Express and Bolanos. He also alleges that Valentin-Reyes is employed by them. He further alleges Valentin-Reyes is deaf and that Eagle Express and Bolanos should have never allowed a deaf person to drive the semi-truck. Thus, Plaintiff has sufficiently stated a claim for relief.

### III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Third Amended Complaint (ECF No. 9) shall serve as the operative complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court must send Plaintiff three blank copies of form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff shall have until May 14, 2023 to fill out and file the required USM-285 forms under seal. On the forms, Plaintiff must fill in each Defendant's last-known address.

**IT IS FURTHER ORDERED** that, if Plaintiff timely files the USM-285 forms, the Court will issue a separate order to effectuate service. If Plaintiff does not file the USM-285 forms for each Defendant, the Court may recommend that the Defendant(s) be dismissed.

DATED: April 14, 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE